[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16721
Non-Argument Calendar

_____

D. C. Docket No. 07-00047-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY ANTONIO SELLERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 23, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Danny Antonio Sellers appeals his 240-month sentence for

convictions of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute less than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Sellers argues that the district court incorrectly calculated his sentencing guideline range because it erroneously attributed to him at least 1.5 kilograms of cocaine base as relevant conduct. Sellers further argues that his sentence is substantively unreasonable.

When reviewing a sentence imposed by a district court, we ordinarily must first ensure that the district court correctly calculated the guideline range. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). We review a district court's interpretation of the Guidelines *de novo*, and "its factual findings for clear error." *United States v. Vance*, 494 F.3d 985, 994 (11th Cir. 2007). The quantity of drugs attributable to a defendant under the Guidelines is a question of fact that we review for clear error. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).

After determining that the district court correctly calculated the guideline range, we then review the sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). The reasonableness of a sentence is reviewed under a deferential

abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007)). Under the abuse-of-discretion standard, we will only reverse if the district court made a clear error in judgment. *Pugh* at 1191. The party challenging the sentence ultimately "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence may be reviewed for procedural or substantive unreasonableness. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence is procedurally unreasonable if the district court (1) improperly calculated the guidelines range, (2) selected a sentence based on clearly erroneous facts, (3) treated the Guidelines as mandatory, (4) failed to consider the § 3353(a) sentencing factors, or (5) failed to adequately explain the reasons for the chosen sentence. *Gall*, 552 U.S. at ___, 128 S. Ct. at 597; *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Where a district court has indicated that it would have imposed the same sentence regardless of a particular guidelines calculation, however, we may decline to decide a disputed guideline issue or remand the case for new sentence proceedings where the guideline error, if any, did not affect the ultimate sentence imposed. *See United States v. Keene*, 470 F.3d 1347, 1348–49

3

(11th Cir. 2006). Under such circumstances, we will, if necessary, proceed to examine whether the defendant's sentence is reasonable in light of the guideline range calculated without the procedural Guidelines error. *Id.* at 1349-50.

Substantive reasonableness is determined with reference to the factors listed in 18 U.S.C. § 3553(a). *Williams*, 526 F.3d at 1322. The statutory factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the accused; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the kinds of sentences available; (7) the sentencing guidelines range; and (8) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a); *see also Williams*, 526 F.3d at 1322. We have recognized that "there is a range of reasonable sentences from which the district court may choose," and the fact that we might reasonably conclude that a different sentence is appropriate is not sufficient to warrant reversal. *Talley*, 431 F.3d at 788; *Williams*, 526 F.3d at 1322.

Based on our review of the record, we conclude that Sellers has failed to carry his burden of showing that the district court committed a clear error in judgment or that his sentence is substantively unreasonable. Because the district court indicated that it would have imposed the same sentence regardless of a

4

particular guidelines calculation, any potential error was rendered harmless. Accordingly, we decline to address the drug quantity issue. For the above-stated reasons, we affirm Sellers's sentence.

**AFFIRMED.**